Filed 12/17/20  P. v. Chase CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIN HOSEJOSHUA CHASE,<br><br>    Defendant and Appellant. | B303172<br><br>(Los Angeles County<br>Super. Ct. No.MA064957) |

APPEAL from an order  of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Reversed and remanded.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2017, appellant Erin Hosejoshua Chase pled no contest to first degree murder, a crime that was part of an attempted robbery. He was sentenced to 25 years to life. After the enactment of Penal Code section 1170.95,[1] appellant filed a petition for resentencing under that statute. Appellant and the Los Angeles County District Attorney (the People) submitted briefing, and the trial court denied appellant's petition. The court found that based on the facts of the crime as stated in the People's opposition, appellant was a major participant in the underlying felony and acted with reckless indifference to human life, and was therefore ineligible for resentencing.

On appeal, appellant asserts that the trial court erred in relying on the facts in the People's opposition, which were not supported by the case record or other evidence. Appellant contends the trial court should have issued an order to show cause and ordered an evidentiary hearing. The Attorney General concedes that a hearing was warranted under the circumstances. We agree, reverse the trial court's ruling, and remand for further proceedings consistent with section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the People's opposition to appellant's section 1170.95 motion, the underling crime occurred on June 28, 2014 when appellant, Jason West, and Reginald Young went to victim Marc Spinner's home with the intent to rob Spinner of drugs and money. West entered the home, purchased marijuana and Xanax from Spinner, and went back outside to where appellant and

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

Young were waiting. Appellant and Young then entered Spinner's home under the guise of purchasing marijuana. Spinner became suspicious that the men were planning to rob him, and a struggle ensued. Young held Spinner at gunpoint while appellant used duct tape to bind Spinner's wrists and ankles. Appellant then picked up Spinner's safe and began to leave the home; Young followed. Spinner partially broke free of the duct tape and chased appellant and Young toward the door. Appellant dropped the safe, and he and Young exited the home. Spinner closed the door behind them and blocked it with his body. Young then fired five rounds through the door, killing Spinner. Appellant, Young, and West left the area together.

In July 2015, the People filed an information charging appellant, Young, and West with murder (§ 187, subd. (a), count 1), attempted robbery (§§ 211, 664, count 2), and first degree burglary (§ 459, count 3). The information alleged that as to all three counts, the codefendants committed murder while engaged in the commission of an attempted robbery (§ 190.2, subd. (a)(17)) and a principal was armed with a firearm (§ 12022, subd. (a)(1).)[2] In June 2017, appellant pled no contest to first degree murder, and in October 2017 the court sentenced him to 25 years to life. The remaining charges and allegations were dismissed pursuant to the plea negotiation.

Effective January 1, 2019, the Legislature amended "'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act

_____

[2] The information included additional firearm allegations against Young.

3

with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247.) The Legislature enacted section 1170.95, which allows a "person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions. (§ 1170.95, subd. (a).)

On April 11, 2019, appellant filed a petition for resentencing under section 1170.95. He checked the box on the form stating that he pled no contest to first degree murder in lieu of going to trial because he believed he could have been convicted of murder pursuant to the felony-murder rule. He also checked the boxes stating that he was not the actual killer, he did not aid or abet the actual killer, he was not a major participant in the felony, and he did not act with reckless indifference to human life. Appellant included a declaration stating that he left the scene before shots were fired, and there was no evidence showing that killing the victim was part of the codefendants' plan. The court appointed counsel for appellant and set a hearing on the petition.

The People filed a written opposition to appellant's petition. The opposition included a statement of facts about the underlying crime with a footnote stating, "Because [appellant] entered a plea before trial, these facts are taken from the police reports." The People did not include police reports or any other evidence with the opposition. The People asserted that appellant was not eligible for resentencing "because he was a major participant in a felony murder, and acted with reckless disregard for human life."

The People further argued that appellant's direct role in planning the robbery, physically fighting with the victim, and binding the victim while Young held him at gunpoint showed that appellant was a major participant in the crime. In addition, the People asserted that appellant acted with reckless indifference to human life by participating in the armed robbery.

Appellant filed a reply, asserting that the People "failed to produce an adequate and admissible record of conviction to meet their statutory burden to prove [appellant] ineligible for relief." He argued that the People's opposition referred only to police reports that were not submitted to the court as evidence and consisted of inadmissible hearsay statements. Appellant also argued that he made a prima facie case for relief, triggering the court's duty to issue an order to show cause and hold a hearing.

On November 19, 2019, the court issued a written ruling denying appellant's motion. The court stated, "The Court denies the Petition for Resentencing for failure to state a prima facie case for relief. [¶] Knowing that a compatriot was armed with a firearm, [appellant] entered the victim's home, which had been surveilled by another compatriot. [Appellant] entered under a ruse and helped physically subdue a victim. Knowing the victim was being held at gunpoint, [appellant] bound the victim with duct tape. [Appellant] then left with the victim's safe. When the victim chased the suspects, he was shot and killed. [¶] Based upon the above facts, the court finds that [appellant] was a major participant in a felony murder and acted with reckless disregard for human life."

Appellant timely appealed.

5

**DISCUSSION**

Appellant contends the trial court erred in denying his petition without issuing an order to show cause or holding an evidentiary hearing. The Attorney General concedes the issue, stating that a hearing was warranted because appellant made a sufficient prima facie showing and the record did not make clear that appellant was ineligible for relief. We agree a hearing was required.

The superior court considers a section 1170.95 petition according to a three-step process. First, the court "review[s] the petition and determine[s] if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) When a petition survives this initial threshold, "[i]f the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply." (§ 1170.95, subd. (c).)

If, after briefing, the "petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) The court then must hold a hearing within 60 days to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . . The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).)

Appellant argues, and the Attorney General agrees, that the trial court erred by engaging in factfinding based on the

People's representation of the facts of the underlying crime, which was unsupported by the record of conviction or other evidence. Relying solely on the People's opposition, the court determined that appellant acted with reckless indifference to human life. This was error. The court's "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

Because the record before the court did not make clear that appellant was ineligible for resentencing, the court was required to issue an order to show cause and hold an evidentiary hearing. We therefore reverse and remand for further proceedings pursuant to section 1170.95.

## DISPOSITION

The order denying appellant's section 1170.95 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and hold an evidentiary hearing pursuant to section 1170.95, subdivisions (c) and (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, ACTING P.J.                              CURREY, J.

7